UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| **DEANNE TIBBLE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO. 2:17-CV-00143 |
| | ) |
| **HANDS THAT SERVE LLC** | ) |
| and **TAMELA S. AUSTIN** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

1. Plaintiff, DeAnne Tibble ("Tibble"), by counsel, brings this action against Defendants Hands That Serve ("HTS"), and Tamela S. Austin ("Austin") (together "Defendants"), for failure to pay overtime in violation of 29 U.S.C. §207, *et. seq*., under the Fair Labor Standards Act ("FLSA"). Tibble also pleads her overtime claim under the Indiana Minimum Wage Law of 1965 in the alternative.

## PARTIES

2. Tibble is an individual who resides in Vigo County, Indiana. Defendants employed Tibble within the three-year period preceding the filing of this Complaint. Tibble was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

3. HTS is an Indiana limited liability company doing business in Vigo County. HTS acted, directly or indirectly, in the interest of an employer with respect to Tibble. HTS is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

4. Austin is the President of HTS. Austin exercised operational control over HTS; controlled significant business functions of HTS; and acted on behalf of and in the interest of HTS in devising, directing, implementing, and supervising the wage and hour practices and policies challenged in this Complaint. Austin is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION

5. This Court has jurisdiction over Defendants because Tibble has asserted a claim arising under federal law.

## VENUE

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391. Venue is appropriate in the Southern District of Indiana because the wage and hour violations at issue in this case occurred in this District.

## COVERAGE

7. At all times hereinafter mentioned, Tibble was engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 207.

8. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

9. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had

and has an annual gross volume of sales made or business done of not less than $500,000.

## **FACTS**

10. Defendants employed Tibble from approximately October 2014 to February 2017.

11. Defendants paid Tibble an hourly rate of $9.00 per hour.

12. Tibble regularly worked in excess of forty (40) hours per week ("overtime hours"), but was not compensated for all overtime hours at the rate required by the FLSA because she was paid her regular rate of pay for all hours worked.

13. Defendants knew that Tibble regularly worked overtime hours.

14. Defendants' conduct in not paying Tibble overtime compensation was willful and in bad faith.

## **COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

15. Tibble hereby incorporates by reference paragraphs 1-14 of his Complaint.

16. During the relevant time period, Defendants have violated the provisions of Section 7 of the FLSA, 29 U.S.C. § 207 by employing Tibble for workweeks longer than forty hours without compensating Tibble for her employment in excess of forty hours per week at a rate not less than one and one-half the regular rate of pay for which she was employed. Defendants have acted willfully, or with reckless disregard, in failing to pay Tibble in accordance with the law.

## COUNT II: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE INDIANA MINIMUM WAGE LAW OF 1965

17. Tibble pleads her claim for unpaid overtime wages under the Indiana Minimum Wage Law of 1965 in the alternative, in the event that Defendants are not an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r) or that Tibble was not engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 207. If Defendants are not subject to the federal FLSA, Defendants are an "employer" as that term is defined by the Indiana Minimum Wage Law of 1965 at I.C. § 22-2-2-3, which states, "'Employer' means any individual, partnership, association, limited liability company, corporation, business trust, the state, or other governmental agency or political subdivision during any work week in which they have two (2) or more employees. However, it shall not include any employer who is subject to the minimum wage provisions of the federal Fair Labor Standards Act of 1938, as amended (29 U.S.C. 201-209)." I.C. § 22-2-2-3.

18. Defendants had two or more employees at all times relevant to the events described in this Complaint.

19. Tibble was a non-exempt employee and Defendants violated the overtime provisions of the Indiana Minimum Wage Law of 1965 by failing to pay Tibble the overtime premium required for all hours worked in excess of forty (40) in a single workweek.

20. Defendants' failure to comply with the Indiana Minimum Wage Law of 1965's provisions regarding overtime compensation was and is willful and without justification.

## PRAYER FOR RELIEF

WHEREFORE, Tibble demands:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid overtime due to Tibble and for liquidated damages in an amount equal to the unpaid compensation found due to Tibble;

b. An Order awarding Tibble her attorneys' fees and costs of this action; and

c. An Order granting such other and further relief as may be necessary and appropriate.

<pre>
                                        s/ Robert J. Hunt
                                        Robert J. Hunt (#30686-49)

                                        s/ Philip J. Gibbons, Jr.
                                        Philip J. Gibbons, Jr. (#19353-49)

                                        GIBBONS LEGAL GROUP, P.C.
                                        3091 E 98th St, Suite 280
                                        Indianapolis, Indiana 46280
                                        Telephone:  (317) 706-1100
                                        Facsimile:  (317) 623-8503
                                        E-Mail: phil@gibbonslegalgroup.com
                                                rob@gibbonslegalgroup.com

                                        Attorneys for Plaintiff
</pre>